Deborah **MUTTS**, Plaintiff–Appellant,

v.

**SOUTHERN CONNECTICUT STATE UNIVERSITY, Defendant–Appellee.**

No. 06–3387–cv.

United States Court of Appeals, Second Circuit.

June 15, 2007.

W. Martyn Philpot, Jr., New Haven, CT, for Plaintiff.

Jane B. Emons, Assistant Attorney General for Richard Blumenthal, Attorney General, Hartford, CT, for Defendants.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Deborah Mutts appeals from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*) granting summary judgment in favor of all defendants as to her state law tort claims and claims of employment discrimination under Title VII, 42 U.S.C. § 2000e, the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. We assume the parties' familiarity with the facts, procedural background and issues presented for review.

On appeal, Mutts challenges only the district court's judgment as to her claims of retaliation and associational discrimination under Title VII and disability discrimination under the Rehabilitation Act. All her other federal and state law claims, therefore, are deemed abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). We review a grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party. *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir.2001).

█ As to her claim of Title VII retaliation, Mutts alleges that defendant Southern Connecticut State University (SCSU) retaliated against her because her husband, James Mutts, also employed by SCSU in the maintenance department, filed a complaint of discrimination against SCSU. This Circuit has not yet decided whether third party retaliation claims are cognizable under Title VII. We need not reach this issue, however, because even if such a cause of action might exist, Mutts has not adduced sufficient facts to establish a prima facie case of retaliation. *See Schiano v. Quality Payroll Systems, Inc.,*

445 F.3d 597, 608 (2d Cir.2006) (outlining the prima facie case for retaliation under Title VII). Mutts failed to show that any of the challenged actions by SCSU—exposing her (a custodian) to cleaning agents and chemicals in a poorly ventilated area by transferring her to the Residence halls; asking her to clean up mold on one occasion; assigning her an increased workload due to hiring freezes—amount to materially adverse changes in her work conditions. *Burlington Northern & Santa Fe Ry. v. White,* —— U.S. ——, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006).

█ The district court properly ruled that Mutts failed to allege sufficiently a claim of associational discrimination based on her family's racial background. Mutt's complaint does not allege a claim of race discrimination under even the liberal pleading standard of Fed.R.Civ.P. 8(a) requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] Further, even assuming the complaint was sufficient, the record is bereft of any evidence to support a racial discrimination claim. Although Mutts describes negative comments made by her supervisor, Mutts does not indicate that these comments were racially derogatory and nothing in the record gives rise to the inference that any alleged adverse employment action was "because of" her family's race. 42 U.S.C. § 2000e–2; *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (ruling that to make out a prima facie case a plaintiff must show circumstances that give rise to an inference of discrimination).

█ Finally, the District did not err in finding that Mutts failed to establish that

---

1. Notably, Mutts' complaint describes the EEOC complaint that formed the basis for this suit as only "alleging discrimination by the defendant due to the plaintiff's physical disability, as well as retaliation for the complaint her husband filed against the defendant"; no mention is made of a race-based discrimination complaint.

her asthma constituted a disability for purposes of section 504 of the Rehabilitation Act. A claim under the Rehabilitation Act requires a showing that 1) plaintiff is a qualified individual with a disability; 2) defendants are subject to the act; and 3) plaintiff was "denied the opportunity to participate in or benefit from the defendants' services, programs or activities, or [was] otherwise discriminated against by defendants." *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir.2003). To be considered a disabled individual under section 504, Mutts must show that a physical or mental impairment substantially limits one or more of her major life activities. *Weixel v. Bd. of Educ. of N. Y.,* 287 F.3d 138, 147 (2d Cir.2002); *see* 29 U.S.C. § 705(20)(b).

Although Mutts produced evidence of five absences from her job as a custodian at SCSU over a three year period due to asthma attacks, this alone does not establish that Mutts' condition substantially limited her breathing or her ability to work. *See Muller v. Costello,* 187 F.3d 298, 313 (2d Cir.1999) ("[A] limitation on a single, particular job cannot constitute a substantial limitation of the major life activity of working."); *Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 723 (2d Cir.1994) (finding plaintiff not disabled where her asthma "restricted her only in a limited way"). Since Mutts failed to demonstrate the substantial impairment of a major life activity, she failed to demonstrate a violation of the Rehabilitation Act.

For the foregoing reasons, we AFFIRM the district court's judgment.